AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

T-Mobile Telephone Number (619) 278-8110
(Target Account)

) Case No. '22 MJ03101
)
)
)
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A, incorporated by reference herein

located in the  Southern  District of  California , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B, incorporated by reference herein

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2113(a) | Bank Robbery |

The application is based on these facts:
Please see the attached Affidavit in Support of Application for a Search Warrant, incorporated by reference herein

☐ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Daniel Saavedra, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
 telephone  *(specify reliable electronic means)*.

Date:  08/25/2022

*Judge's signature*

City and state: San Diego, CA     Hon. Michael S. Berg, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A
PROPERTY TO BE SEARCHED

This warrant applies to records and information associated with the cellular telephone assigned telephone numbers **(619) 278-8110**, (Target Account), that are stored at premises controlled by T-Mobile, an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 4 Sylvan Way, Parsippany, New Jersey 07504.

## ATTACHMENT B
### PARTICULAR THINGS TO BE SEIZED

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period from January 1, 2022, up to and including January 5, 2022:

    a. Provide Call Detail Records (CDRs)/Mediation Reports for **(619) 278-8110**, to include:

        i. All subscriber information, including name, address, contact numbers, activation/deactivation dates, account number, social security number, and account features

        ii. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data transactions.

        iii. All available Timing Advance Reports, currently known as True Call, to include cell site, sector, and distance from tower, IP session and Data.

        iv. All available Mobile Data Session and IPv6 reports.

        v. All available voicemails

**II.  Information to be Seized by the Government**

Agents shall seize the following records, data, and information covering January 1, 2022, up to and including January 5, 2022 and maintained by T-Mobile for the Target Account identified in Attachment A:

a. Subscriber information, including:
   i. Names;
   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   iii. Local and long distance telephone connection records;
   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   v. Length of service (including start date) and types of service utilized;
   vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
   vii. Other subscriber numbers or identities; and
   viii. Means and source of payment (including any credit card or bank account number) and billing records.
b. Records and other information about past wire or electronic communications sent or received by the subject account, including:
   i. the date and time of the communication;
   ii. the method of the communication;

       iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses; and

       iv. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications.

which are evidence of violations of 18 U.S.C. § 2113(a), Bank Robbery.

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Daniel Saavedra, being duly sworn, declare and state:

## INTRODUCTION

1. This affidavit supports an application for a warrant for information associated with the following T-Mobile telephone number:

    a. **(619) 278-8110**, believed to have been used by Asim Shakir Daniels (DANIELS) (hereinafter the **Target Account**);

as described in Attachment A, including subscriber information, telephone toll data, and cell-site geo-location information for the period of January 1, 2022, up to and including January 5, 2022.

2. As set forth below, probable cause exists to believe that the **Target Account** contains evidence of bank robberies in violation of 18 U.S.C. § 2113(a). The **Target Account** is currently in the possession of T-Mobile, headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile, an electronic communication service provider, to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

## TRAINING AND EXPERIENCE

3. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code.

4. I am a Special Agent with the Federal Bureau of Investigation (FBI)

1

assigned to the San Diego Division, Imperial County Resident Agency and have been so employed since September 2019. I am assigned to investigate criminal violations of federal law. I have received at the FBI Academy in Quantico, Virginia, including training on criminal procedure, search and seizure, violent crimes, and gang organizations. As an FBI agent, I am authorized to investigate violations of the United States law and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. Prior to my current position as a Special Agent with the FBI, I was a police officer for approximately four years and a gang detective for approximately one year and four months with the Mesa Police Department, in the city of Mesa, Arizona. During the course of my career, both with the FBI and with the Mesa Police Department, I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local investigators who have written affidavits for, or participated in, the application for and the execution of hundreds of search and arrest warrants over the course of their careers. I have also personally written several affidavits and executed several search and arrest warrants while performing my duties as a law enforcement officer. During the course of my career, I have participated in the investigation of numerous cases involving fugitives, firearms, narcotics, gang related activities, bank robberies, and other violent crime.

5. My training and experience as a Special Agent and FBI employee, my participation in a multitude of investigations, and my interactions with other agents, as well as with other state and local law enforcement officers familiar with violent crimes, form the basis of the opinions and conclusions set forth below, which I have drawn from the facts set forth herein. The facts are set forth in substance and are not verbatim, unless otherwise noted. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I

believe are necessary to establish probable cause.

## PROBABLE CAUSE

### *January 4, 2022 Bank Robbery*

6. On January 4, 2022, investigators were notified of a bank robbery. They reported to the scene, interviewed witnesses, reviewed surveillance video, and learned that at approximately 10:05 AM, an individual later identified as DANIELS entered the Bank of the West located at 8690 Center Drive, La Mesa, CA 91942. DANIELS was wearing a black jacket, black shoes, black neck gaiter/face covering, and dark sunglasses. DANIELS walked to a teller window and made an oral demand saying, "give me everything." DANIELS demanded money from the vault but the bank employee informed DANIELS that the location did not have a vault. DANIELS demanded the money from the teller's drawer and the teller told DANIELS they did not have any money in their drawer. Based on DANIELS' oral demands, two separate tellers provided DANIELS money from two separate drawers resulting in DANIELS receiving approximately $2,843.00 USD in cash. DANIELS took the money and left the bank on foot, heading southbound.

7. Shortly thereafter, La Mesa Police Department (hereinafter, "LMPD") Officers responded to the robbery and found DANIELS at a shopping center located approximately half a mile south of the Bank of the West. DANIELS matched the physical description of the robber and was wearing clothing similar in appearance to that of the robber. LMPD detained DANIELS and conducted a curbside lineup where DANIELS was identified as the robber by a bank employee.

8. LMPD Officers located $2,843.00 and a California Driver's License with DANIELS' name on DANIELS' person.

9. On January 4, 2022, at the time of the robbery, the Bank of the West's deposits were insured by the Federal Deposit Insurance Corporation.

//

*January 3, 2022 Bank Robbery*

10. Your affiant also learned that on January 3, 2022, investigators were notified of a robbery at a different bank,. The investigators responded to the scene and learned the following by interviewing witnesses and reviewing surveillance video. On January 3, 2022, at approximately 11:00 AM, a then unknown black male matching DANIELS' description, entered the Sun Community Federal Credit Union (hereinafter, "SCFCU") located at 100 E. 5th Street, Holtville, CA 92250. The robber was wearing a black jacket, black pants, black shoes, camouflage neck gaiter/face covering, and white rimmed sunglasses.

11. Upon entering SCFCU, DANIELS approached a teller window and made an oral demand, stating that he was robbing "the place" and to "give [him] that," pointing towards the vault. The bank employees were unable to open the vault during the time of the robbery; however, DANIELS proceeded to take a sum of money from the bank tellers' drawers totaling approximately $20,545.00 USD cash and left the bank on foot.

12. Based on this individuals appearance, clothing, method of operation, and the fact that DANIELS resided in the area, I believe the bank robber at SCFCU is DANIELS.

*Timeline of Events on January 3, 2022*

13. Investigators learned DANIELS signed out of his residence in Brawley, CA at approximately 4:55 AM. He arrived at work in Brawley, CA at approximately 5:06 AM. DANIELS left work at approximately 9:15 AM. The vehicle DANIELS was known to drive was spotted via license plate reader (LPR) around Old Highway 111 and B Street in Brawley, CA at approximately 9:35 AM. The last location DANIELS was believed to be was approximately 30 minutes by vehicle from SCFCU in Holtville, CA. At approximately 11:00 AM, a male matching the description of DANIELS robbed SCFCU. At approximately 12:15 PM, DANIELS'

4

known vehicle was identified traveling westbound by the Border Patrol Checkpoint I8. The Border Patrol I8 checkpoint is approximately 1 hour and 6 minutes from SCFCU in Holtville by vehicle. At approximately 2:55 PM, DANIELS' vehicle was identified traveling eastbound by Border Patrol I8 checkpoint. DANIELS arrived back at his residence at approximately 5:00 PM. Investigators later learned during the execution of a court authorized search warrant on DANIELS' cellular telephone, on January 3, 2022 at approximately 6:51 PM, the same day of the SCFCU robbery in Holtville, DANILES conducted several internet searches regarding the robbery.

*Identification of the Target Account*

14. Upon the arrest of DANIELS by LMPD, officers located car keys on his person. A search for the vehicle revealed the car keys belonged to a gray 2020 Nissan Versa, bearing California license plate 8LZK013, which was in the area near where DANIELS was arrested. The Nissan Versa was secured and towed to the LMPD property. DANIELS was also in the possession of a Geico insurance card naming him as the insured person for the Nissan Versa.

15. January 4th, 2022, Agents interviewed DANIELS and he identified his phone number as 619-278-8110, the **Target Account**.

16. On January 4th 2022, Agents executed a search warrant at DANIELS residence, a halfway house. Employees at the halfway house confirmed DANIELS had a black Samsung cellular phone, telephone number 619-278-8110, the **Target Account**.

17. On January 5th, 2022, Agents met with DANIELS' employer who confirmed DANIELS' phone number was 619-278-8110, the **Target Account**.

BACKGROUND REGARDING WIRELESS PROVIDERS

18. In my training and experience, I have learned that T-Mobile provides cellular telephone access to the general public. I am further aware that T-Mobile routinely collects and stores data for the electronic communication accounts to

5

which it and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject account. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

19.     Based on my training and experience, I know that T-Mobile can collect cell-site data about the telephone number **(619) 278-8110**. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

20. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the telephone **(619) 278-8110** user and may assist in the identification of co-conspirators and/or victims.

## CONCLUSION

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

22. Based upon my training and experience, consultation with other law enforcement officers experienced in robbery investigations, and all the facts and opinions set forth in this Affidavit, there is probable cause to believe that the **Target Account,** as described in **Attachment A,** to be seized, as set forth above and in Section I of Attachment B (incorporated herein), will contain evidence of bank robberies, in violation of 18 U.S.C. § 2113(a), as set forth in Section II of the Attachment B. Therefore, I respectfully request that the Court issue a warrant

//
//
//

7

authorizing me, or another federal law enforcement agent, to order T-Mobile to search its corporate records for the **Target Account**, as described in Attachment A, and to seize evidence as set forth in Attachment B.

Daniel Saavedra
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this ___25th___ day of August 2022

Hon. Michael S. Berg
United States Magistrate Judge